BOHM, Plaintiff, v. LAUER et al., Defendants. (Supreme Court, Appellate Division, Fourth Department. July 18, 1899.) Action by Ernst Bohm against Frederick C. Lauer and another. No opinion. Plaintiff's exceptions overruled, and motion for a new trial denied, with costs, and judgment ordered for the defendant, with costs.

BOYCE, Respondent, v. CORRIS, Appellant. (Supreme Court, Appellate Division, Fourth Department. March, 1899.) Action by Flora E. Boyce against William R. Corris. No opinion. Order affirmed, with $10 costs and disbursements, without prejudice to the right of the defendant to serve an amended answer in 20 days, upon payment of the costs of the appeal; the stay to continue in the meantime.

BRACKEN, Appellant, v. ATLANTIC TRUST CO. et al., Respondents. (Supreme Court, Appellate Division, First Department. June 23, 1899.) Action by William Bracken against the Atlantic Trust Company, impleaded, etc. W. B. Hornblower, for appellant. E. Root, for respondents. No opinion. Judgment affirmed, with costs, on the opinion on the previous appeal. Bracken v. Trust Co., 36 App. Div. 67, 55 N. Y. Supp. 506.

BRITTON et al., Plaintiffs, v. CITY OF SYRACUSE, Defendant. (Supreme Court, Special Term, Onondaga County. February, 1899.) Action by Israel E. Britton and others against the city of Syracuse to set aside an assessment and to recover back moneys paid thereon. Ceylon H. Lewis, for plaintiffs. James E. Newell, for defendant.

HISCOCK, J. The facts are substantially the same in this case as in that of Palmer v. City of Syracuse, 26 Misc. Rep. 561, 57 N. Y. Supp. 600. The only material difference in the facts is that the taxes of plaintiff's intestate were paid by his agent, the plaintiff Britton, some considerable time later than the payment in the Palmer Case, and Mr. Britton swears that he believed the assessment to be a valid one. The difference in time of payment is not material, because, at the time the assessment in this case was paid, there was no possibility or threat of resort to actual distress and sale of the property of the assessed; and while Mr. Britton, the agent, may not have known, or been chargeable with knowledge, of the facts which rendered the assessment invalid, this would not be helpful to plaintiffs in this case, provided his principal was chargeable with such knowledge. So far as appears, he was in the same situation as the plaintiffs in the Palmer Case, and is to be charged with the same knowledge. Judgment is therefore ordered in this case in favor of defendant, with costs. Judgment for defendant, with costs.

BROCK'S COMMERCIAL AGENCY, Limited, Appellant, v. BEAN, Respondent. (Supreme Court, Appellate Term. July 26, 1899.) Action by Brock's Commercial Agency, Limited, against Henry W. Bean. From a judgment in favor of defendant, plaintiff appealed. Affirmed. D. M. Porter, for appellant. Henry W. Bean, for respondent.

PER CURIAM. Judgment affirmed, with costs to the respondent.

BROOKLYN GAS-FIXTURE CO., Respondent, v. BATES et al., Appellants. (Supreme Court, Appellate Division, First Department. June 23, 1899.) Action by the Brooklyn Gas-Fixture Company against Charles S. Bates, impleaded. J. F. Coffin, for appellants. M. Defendorf, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

BUDDINGTON, Respondent, v. KENNEDY, Appellant. (Supreme Court, Appellate Term. June 28, 1899.) Action by William Buddington against William N. Kennedy. There was a judgment for plaintiff, from which defendant appeals. Affirmed. Hardy & Kennedy, for appellant. Menzo Disfendorf, for respondent.

FREEDMAN, P. J. The plaintiff brought this action to recover for services rendered the defendant in attending, nursing, and caring for him during an illness extending over a period of 56 days, and for which, as appears by the testimony, the defendant expressly promised and agreed to pay. The plaintiff claimed that the sum of $280 was no more than a fair compensation for such services, upon which he had been paid the sum of $10 upon account; but the court below reduced the claim to the sum of $84, for which the plaintiff had a judgment. A careful examination of the testimony in the case does not disclose any reason requiring a reversal of the judgment. Placing upon the testimony of the defendant the construction most favorable to him, it only raises a question of fact between the parties as to whether the defendant expressly promised and agreed to pay the plaintiff for the services rendered by him, or whether they were intended by the plaintiff to have been wholly gratuitous. Upon that question the trial judge found in favor of the plaintiff. The numerous cases cited by the appellant's attorney upon his brief do not apply to the case at bar. They refer to cases where no express promise to pay was shown by the testimony, and where there was no sufficient evidence to show an implied promise. Judgment must, therefore, be affirmed. Judgment affirmed, with costs to respondent.

LEVENTRITT, J., concurs.